**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MANUFACTURES REPRESENTATIVES INC.,

    Plaintiff,

vs.

INTERNAL REVENUE SERVICE

    Defendant.

Case No. 1:12-cv-749

Dlott, C.J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On September 28, 2012, Manufacturers Representatives Incorporated ("MRI") initiated this action by filing a complaint with jury demand against the Internal Revenue Service. (Doc. 1). The complaint was signed by Henry Carota, the President of MRI. and appears that Mr. Carota is attempting to bring this action on behalf of MRI rather than himself as an individual. Accordingly, on October 4, 2012, MRI was ordered to secure counsel within 21 days of the Order because a corporation cannot appear in federal court except through an attorney. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). *See also Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Thereafter, Mr. Carola filed a *pro se* motion for leave to represent himself because he "owns the company" and "it's all my money in dispute" (Doc. 6). While the Court is sympathetic to Plaintiff's position, it is insufficient that the person attempting to represent the corporation is an officer of the corporation. *Reich v. Pierce*, 45 F.3d 431, 1194 WL 709292, at *4, n.1 (6th Cir. Dec. 20, 1994) (citing Ginger v. Cohen, 426 F.2d 1385, 1386 (6thCir. 1970)); accord *Kinder Capital, Inc. v. Unity*

*Community*, 85 F.3d 629, 1996 WL 229819, at *1 (6th Cir. May 6, 1996). Thus, Mr. Carota cannot appear *pro se* before the Court on behalf of MRI.

For these reasons, **IT IS RECOMMENDED** that Mr. Carota's motion to allow *pro se* representation be **DENIED** (Doc. 6); MRI's case be **DISMISSED** for failure to secure counsel to appear on behalf of MRI; and this matter be **TERMINATED** on the active docket of the Court**.**

 *S/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MANUFACTURES REPRESENTATIVES INC.,

    Plaintiff,

vs.

INTERNAL REVENUE SERVICE

    Defendant.

Case No. 1:12-cv-749

Dlott, C.J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).